# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No.: 1:22-cr-00162-TNM-1** |
| | **:** | |
| **MATTHEW BUCKLER** | **:** | |
| | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this sentencing memorandum in connection with the above-captioned matter. For the reasons set forth herein, the government requests that this Court sentence Matthew Buckler to thirty days of jail, thirty-six months of probation, 60 hours of community service, $500 in restitution, and the mandatory $10 special assessment.

### I.    Introduction

The defendant, Matthew Buckler, a 19-year-old student, participated in the January 6, 2021 attack on the United States Capitol—a violent attack that forced an interruption of the certification of the 2020 Electoral College vote count, threatened the peaceful transfer of power after the 2020 Presidential election, injured more than one hundred law enforcement officers, and resulted in more than one million dollars of property damage.

Buckler pleaded guilty to one count of violating 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building.  As explained herein, a period of active incarceration is appropriate in this case because Buckler (1) climbed up the wall of the U.S. Capitol to gain access to the Upper West Terrace; (2) entered the Capitol through the breached Parliamentarian (Fire) door, (3) re-entered the U.S. Capitol through a broken window adjacent to

1

the Senate Wing Door among a large group of rioters who overwhelmed police officers attempting to secure that entrance; (4) made his way with other rioters to Senator Merkley's hideaway office where Rioters vaped at the Senator's conference table, damaged the Senator's property and stole his laptop, (5) joined a large group of rioters inside the Crypt, chanting; (6) took several selfie videos of himself inside the Capitol, celebrating the riot, and (7) was less than completely candid with law-enforcement about his involvement with the riots.  This conduct merits a sentence of actual jail time rather than probation, even though Buckler did not personally engage in violence or property destruction, and even though he accepted responsibility after charges were brought against him.  Despite Buckler's young age, absence of prior contacts with the criminal justice system, and acceptance of responsibility for his actions, the government is recommending a brief period of incarceration.

The Court must also consider that Buckler's conduct on January 6, like that of thousands of others, took place in the context of a large and violent riot that relied on numbers to overwhelm law enforcement, breach the Capitol, and disrupt the proceedings. But for his actions alongside so many others, the riot likely would have failed to breach the Capitol building and delay the election certification vote for hours. *See United States v. Matthew Mazzocco*, 1:21-cr-00054 (TSC), Tr. 10/4/2021 at 25 ("A mob isn't a mob without the numbers. The people who were committing those violent acts did so because they had the safety of numbers.") (statement of Judge Chutkan).  Here, Buckler's participation in a riot that actually succeeded in halting the Congressional certification combined with Buckler's forced entry into the Capitol Building renders a period of home detention both necessary and appropriate in this case.

## II.     Factual and Procedural Background

*The January 6, 2021 Attack on the Capitol*

To avoid unnecessary exposition, the government refers to the general summary of the attack on the U.S. Capitol. *See* ECF 24 (Statement of Offense), at 1-6. As this Court knows, a riot cannot occur without rioters, and each rioter's actions – from the most mundane to the most violent – contributed, directly and indirectly, to the violence and destruction of that day. With that backdrop we turn to Buckler's conduct and behavior on January 6.

*Buckler's Role in the January 6, 2021 Attack on the Capitol*

On January 6, 2021, Buckler traveled to Washington, D.C., from his residence in La Plata, Maryland to attend the "Stop the Steal" rally.  Buckler traveled with his friend, members of that friend's family, and Buckler's mother.  Buckler was four months past his eighteenth birthday.  His friend was sixty days shy of his eighteenth birthday.  The group listened to the speeches and then moved towards the Capitol.   When they arrived at the Capitol, Buckler and his friend separated from the rest of their party.  Buckler and his friend climbed up the wall to gain entry to the Upper West Terrace area of the U.S. Capitol.  Buckler then made entry through the Senate Wing Door.

Buckler breached the U.S. Capitol two times.  Initially, Buckler breached the Parliamentarian (Fire) door at approximately 2:48 pm.  After he exited with other rioters, he breached the Senate Wing door a few minutes later.  Buckler captured both points of entry in the videos he took on his cellphone.



Parliamentarian (Fire) Door



Senate Wing Door

In one of the Exhibits, Buckler can be heard as he pans his cell phone words to the effect of "yeah . . . let's get in."  *See* Buckler video, attached as Exhibit A.

At approximately 2:48 p.m., Buckler entered the United States Capitol through the Parliamentarian (Fire) door, a door that had previously been violently breached.



From there, Buckler was near the Parliamentarians Office.

 

After a few minutes, he left that office and exited the U.S. Capitol with other rioters.



After exiting, Buckler re-entered the U.S. Capitol a second time through a broken-out window of the Senate Wing door.  Buckler entered through the Senate Wing door window just a few minutes after that door area had been breached for a second time.



From the Senate Wing door area, Buckler turned right and walked towards the Crypt area.



Buckler also took video of himself in that area.



At around 3:00 p.m., Buckler left the foyer area near the Senate Wing Door and, with several other rioters, made his way down a hallway to Senator Merkley's hideaway office.  Buckler entered the room and stood next to other rioters who sat down at Senator Merkley's conference table.  Dozens of protestors were present in the room and some, but not Mr. Buckler, were smoking marijuana and engaging in destructive behavior.  Buckler watched with at least 20 other rioters in the room as rioter's sat at the senator's conference table and used vape pens to smoke during an Electoral College certification proceeding to formally elect the next President of the United States.





At 11:36 p.m. on January 6, Senator Merkley posted a three-minute-long video to Twitter

showing the damage that his office incurred during the riot. The video is available on Facebook

https://www.facebook.com/ABCNews/videos/sen-jeff-merkley-shows-damage-done-to-office-

after-pro-trump-mob-vandalized-capi/222464836136603/, and a copy is being provided to the

Court as Exhibit B.  Senator Merkley explained that rioters appear to have "smashed the door

virtually off its hinges," even though the door was unlocked. He said that the rioters "left a

Trump flag here to mark their presence." The senator narrated how the rioters "stole the laptop that was sitting on the table," and panned across his conference table—the same table near which Buckler had been standing several hours earlier—to show the damage and disarray. He then zoomed in on ashes on a table to discuss how the rioters appear to have been "smoking something" in the office. In Senator Merkley's words, one can "count this office trashed."

After he left Senator Merkley's hideaway office, Buckler apparently made his way to the Crypt and took video footage of himself in the Crypt area of the Capitol.



In one of those videos, Buckler joins with the crowd chanting repeatedly.  In another video, which appears to be taken in the Crypt, Buckler states: "We in this bitch. We in this bitch."  Buckler was in the Capitol Building for more than ten minutes and exited through the Memorial door.

At some point on January 6, 2021, Buckler climbed up on top of a United Site Services portable toilet near the Capitol grounds.



*Buckler's Interview*

Buckler was interviewed by FBI agents on January 29, 2021 and again on April 30, 2021, when a search warrant was executed.  At the January 29, 2021 interview, Buckler said that he was a High School senior, and intended to attend college the next year.  He said he was in Washington D.C. on January 6, 2021 to attend a rally organized to show support for President Donald Trump. Buckler said his intent in traveling to Washington D.C. was solely to attend the President's rally with his mother and was not aware that the crowd would march to and eventually enter the Capitol Building. Buckler said he did not travel to Washington D.C. with the intent to break into the Capitol Building.  Buckler said he was dressed in a black jacket over a white hoodie and wore a black "Trump" hat.  When the crowd from the President's rally started to march towards the Capitol Building, Buckler moved with the crowd.  Once at the Capitol Building, Buckler said he got "swept up in the crowd" and entered the building.  According to Buckler, when he got to the doors of the Capitol Building they were already open, and he walked in freely.   This statement is at least partially contradicted by his demonstrated conduct in climbing into the Capitol through a broken window.  By that time Buckler had been separated from his mother, who did not enter the Capitol Building.  Buckler estimated that he was in the Capitol Building for approximately ten minutes.

He said he was initially caught up with the crowd and took photographs and videos on his cell phone while in the Capitol Building, but no longer had the images or videos.  Buckler also said that he did not go into any rooms once inside the Capitol Building.  He said he "went right" into a "bigger area."  Buckler said he did not enter any offices.  This statement is, of course, contradicted by the photos of him in Senator Merkley's hideaway office.  After about ten minutes, Buckler said he was not as caught up in the energy of the crowd and realized he did not want to be in the Capitol Building.  Buckler said he also wanted to leave Washington D.C. before it got dark, so he exited the Capitol Building.

Buckler was interviewed by FBI agents a second time on April 30, 2021 at the Charles County Sheriff's Office with his mother present.  Buckler had his iPhone in his possession and voluntarily turned it over to the agents, along with the access code for the phone.   The Bucklers then returned to their home, where they showed the agents the jacket and hoodie Buckler wore when he entered the Capitol on January 6, 2021.  Buckler stated that, of the group with which he attended the rally/protest (consisting of himself, his mother and another family), only he and his friend physically entered the Capitol Building that day.  The friend has not been charged owing to his age on January 6.

*The Charges and Plea Agreement*

On September 9, 2021, Buckler was charged by complaint with violating 18 U.S.C. §§ 1752(a)(1) and (2) and 40 U.S.C. §§ 5104(e)(2)(D) and (G).   On May 10, 2022, Buckler was charged by Information with a violation of 40 U.S.C. § 5104(e)(2)(G).  On May 27, 2022, he pleaded guilty to Count One of the Information, charging him with a violation of 40 U.S.C. § 5104(e)(2)(G).  By plea agreement, Buckler agreed to pay $500 in restitution.

**III.    Statutory Penalties**

Buckler faces sentencing on a single count of violating 40 U.S.C. § 5104(e)(2)(G). As noted by the plea agreement, Buckler faces up to six months of imprisonment and a fine of up to $5,000.[1]  Buckler must also pay restitution under the terms of his plea agreement. *See* 18 U.S.C. § 3663(a)(3); *United States v. Anderson*, 545 F.3d 1072, 1078-79 (D.C. Cir. 2008). As this offense is a Class B Misdemeanor, the Sentencing Guidelines do not apply. 18 U.S.C. § 3559; U.S.S.G. §1B1.9.

### IV.     Sentencing Factors Under 18 U.S.C. § 3553(a)

In this misdemeanor case, sentencing is guided by 18 U.S.C. § 3553(a), which identifies the factors a court must consider in formulating the sentence. Some of those factors include: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, *id.*; the need for the sentence to reflect the seriousness of the offense and promote respect for the law, § 3553(a)(2)(A); the need for the sentence to afford adequate deterrence, § 3553(a)(2)(B); and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. § 3553(a)(6). In this case, as described below, the Section 3553(a) factors weigh in favor of home detention.

### A.  The Nature and Circumstances of the Offense

The attack on the U.S. Capitol, on January 6, 2021 is a criminal offense unparalleled in American history that defies comparison to other events. It represented a grave threat to our democratic norms and was the only the second time in our history when the building was literally occupied by hostile participants.

---

[1] Because Buckler has pled guilty to a petty offense, a term of supervised release is not authorized. *See* 18 U.S.C. § 3583(b)(3).

While each defendant should be sentenced based on their individual conduct, this Court should note that each person who entered the Capitol on January 6 without authorization did so under the most extreme of circumstances. As they entered the Capitol, they would—at a minimum—have crossed through numerous barriers and barricades and heard the throes of a mob. Depending on the timing and location of their approach, they also may have observed extensive fighting with law enforcement officials and smelled chemical irritants in the air. No rioter was a mere tourist that day.

Moreover, each defendant who breached the Capitol was part of the mob.  As Buckler joined the mob, he identified with those around him. He, with others, screamed, and shouted to, in then-President Trump's words, "Stop the Steal."  Buckler's "presence was part of the floodwaters that drowned the Capitol in insurrection and destruction."  *United States v. Jesus Rivera*, No. 21-060 (CKK) (Jun. 17, 2022) ECF No. 62, pg. 15.

Additionally, while looking at Buckler's individual conduct, the Court should look to a number of aggravating and mitigating critical factors, to include: (1) whether, when, how the defendant entered the Capitol building; (2) whether the defendant encouraged violence; (3) whether the defendant encouraged property destruction; (4) the defendant's reaction to acts of violence or destruction; (5) whether during or after the riot, the defendant destroyed evidence; (6) the length of the defendant's time inside of the building, and exactly where the defendant traveled; (7) the defendant's statements in person or on social media; (8) whether the defendant cooperated with, or ignored commands from law enforcement officials; and (9) whether the defendant demonstrated  sincere remorse or contrition. While these factors are not exhaustive nor dispositive, they help to place each defendant on a spectrum as to their fair and just punishment. Had Buckler personally engaged in violence or destruction, he would be facing additional charges and/or

penalties associated with that conduct. The absence of violent or destructive acts on Buckler's part is therefore not a mitigating factor in misdemeanor cases.

Buckler entered the Capitol twice, first through the Parliamentarian (Fire) door and then through a broken window near the Senate Wing door not long after it was breached. Police officers were generally present on the Upper West Terrace. There were also clear signs of violent entry. The windows to the door were smashed out, and it was through one of those smashed out windows that Buckler gained entry.

### B.  Buckler's History and Characteristics

Buckler has no criminal history. The government requested a pre-sentence investigation report, but the Court declined to require that one be prepared. According to state and local databases covering the D.C. area as well as local Court records in and around the areas where Buckler lives and attends college, Buckler does not have criminal charges. Buckler graduated from St. Mary's Ryken High School in 2021. He is currently enrolled at Shenandoah University in Winchester, Virginia, and is a member of the soccer team.

The government is not aware that Buckler has any known health problems.

This is the rare case where the mitigating factors of Buckler's age and lack of criminal record counsel against a sentence of incarceration.

### C.  The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Promote Respect for the Law

The attack on the U.S. Capitol building and grounds was an attack on the rule of law. "The violence and destruction of property at the U.S. Capitol on January 6 showed a blatant and appalling disregard for our institutions of government and the orderly administration of the

democratic process."[2] As with the nature and circumstances of the offense, this factor supports a sentence of incarceration, as it will in most cases, including misdemeanor cases, arising out of the January 6 riot. *See United States v. Joshua Bustle and Jessica Bustle*, 21-cr-238-TFH, Tr. 08/24/21 at 3 ("As to probation, I don't think anyone should start off in these cases with any presumption of probation. I think the presumption should be that these offenses were an attack on our democracy and that jail time is usually -- should be expected") (statement of Judge Hogan).

### D.  The Need for the Sentence to Afford Adequate Deterrence

Deterrence encompasses two goals: general deterrence, or the need to deter crime generally, and specific deterrence, or the need to protect the public from further crimes by this defendant. 18 U.S.C. § 3553(a)(2)(B-C), *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010).

*General Deterrence*

The demands of general deterrence weigh in favor of incarceration, as they will for nearly every case arising out of the violent riot at the Capitol. Indeed, general deterrence may be the most compelling reason to impose a sentence of incarceration. The violence at the Capitol on January 6 was intended by many of the rioters to interfere, and did interfere, with one of the most important democratic processes we have: the peaceful transfer of power to a newly elected President. As noted by Judge Moss during sentencing, in *United States v. Paul Hodgkins*, 21-cr-188-RDM:

> [D]emocracy requires the cooperation of the governed. When a mob is prepared to attack the Capitol to prevent our elected officials from both parties from performing their constitutional and statutory duty, democracy is in trouble. The damage that [the defendant] and others caused that day goes way beyond the several-hour delay in the certification. It is a damage that will persist in this country for decades.

---

[2] Federal Bureau of Investigation Director Christopher Wray, Statement before the House Oversight and Reform Committee (June 15, 2021), available at https://oversight.house.gov/sites/democrats.oversight.house.gov/files/Wray%20 Testimony.pdf

Tr. at 69-70. Indeed, the attack on the Capitol means "that it will be harder today than it was seven months ago for the United States and our diplomats to convince other nations to pursue democracy. It means that it will be harder for all of us to convince our children and our grandchildren that democracy stands as the immutable foundation of this nation." *Id.* at 70.

The gravity of these offenses demands deterrence. This was not a protest. *See United States v. Paul Hodgkins*, 21-cr-188-RDM, Tr. at 46 ("I don't think that any plausible argument can be made defending what happened in the Capitol on January 6th as the exercise of First Amendment rights.") (statement of Judge Moss). And it is important to convey to future potential rioters—especially those who intend to improperly influence the democratic process—that their actions will have consequences. There is possibly no greater factor that this Court must consider.

*Specific Deterrence*

Buckler's actions in forcibly entering the Capitol during the riot clearly demonstrate the need for specific deterrence for this defendant. Home detention, significantly less intrusive than an active jail sentence, is warranted here.

### The Need to Avoid Unwarranted Sentencing Disparities

As the Court is aware, the government has charged hundreds of individuals for their roles in this one-of-a-kind assault on the Capitol, ranging from unlawful entry misdemeanors, such as in this case, to assault on law enforcement officers, to conspiracy to corruptly interfere with Congress.[3] Each offender must be sentenced based on their individual circumstances, but with the backdrop of the January 6 riot in mind. Moreover, each offender's case will exist on a spectrum

---

[3] Attached to this sentencing memorandum is a table providing additional information about the sentences imposed on other Capitol breach defendants. That table also shows that the requested sentence here would not result in unwarranted sentencing disparities.

that ranges from conduct meriting a probationary sentence to crimes necessitating years of imprisonment.  The misdemeanor defendants will generally fall on the lower end of that spectrum, but misdemeanor breaches of the Capitol on January 6, 2021 were not minor crimes. A probationary sentence should not become the default.[4]  *See United States v. Anna Morgan-Lloyd*, 1:21-cr-00164 (RCL), Tr. 6/23/2021 at 19 ("I don't want to create the impression that probation is the automatic outcome here because it's not going to be.") (statement of Judge Lamberth); *see also United States v. Valerie Ehrke*, 1:21-cr-00097 (PFF), Tr. 9/17/2021 at 13 (similar statement by Judge Friedman).

The government and the sentencing courts have made meaningful distinctions between offenders. Those who engaged in felonious conduct are generally more dangerous, and thus, treated more severely in terms of their conduct and subsequent punishment. Those who trespassed, but engaged in aggravating factors, merit serious consideration of institutional incarceration. Those who trespassed, but engaged in less serious aggravating factors, deserve a sentence more in line with minor incarceration or home detention. Buckler's conduct clearly falls in the latter category.

Buckler has pleaded guilty to one count of violating 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building.  This offense is a Class B misdemeanor. 18 U.S.C. § 3559. Certain Class B and C misdemeanors and infractions are "petty offenses," 18

---

[4]  Early in this investigation, the Government made a very limited number of plea offers in misdemeanor cases that included an agreement to recommend probation, including in *United States v. Anna Morgan-Lloyd*, 1:21-cr-00164(RCL); *United States v. Valerie Elaine Ehrke*, 1:21-cr-00097(PFF); and *United States v. Donna Sue Bissey*, 1:21-cr-00165(TSC). The government is abiding by its agreements in those cases, but has made no such agreement in this case. *Cf. United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183 (9th Cir. 2015) (no unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) between defendants who plead guilty under a "fast-track" program and those who do not given the "benefits gained by the government when defendants plead guilty early in criminal proceedings") (citation omitted).

U.S.C. § 19, to which the Sentencing Guidelines do not apply, U.S.S.G. 1B1.9. The sentencing factors set forth in 18 U.S.C. § 3553(a), including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C.A. § 3553(6), do apply, however.

For one thing, although all the other defendants discussed below participated in the Capitol breach on January 6, 2021, many salient differences—such as how a defendant entered the Capitol, how long he remained inside, the nature of any statements he made (on social media or otherwise), and whether he has prior military service—help explain the differing recommendations and sentences. And as that discussion illustrates, avoiding unwarranted disparities requires the courts to consider not only a defendant's "records" and "conduct" but other relevant sentencing criteria, such as a defendant's expression of remorse or cooperation with law enforcement. *See United States v. Hemphill*, 514 F.3d 1350, 1365 (D.C. Cir. 2008) (no unwarranted disparity regarding lower sentence of codefendant who, unlike defendant, pleaded guilty and cooperated with the government).

Even in Guidelines cases, sentencing courts are permitted to consider sentences imposed on co-defendants in assessing disparity. *E.g., United States v. Knight*, 824 F.3d 1105, 1111 (D.C. Cir. 2016); *United States v. Mejia*, 597 F.3d 1329, 1343-44 (D.C. Cir. 2010); *United States v. Bras*, 483 F.3d 103, 114 (D.C. Cir. 2007). The Capitol breach was *sui generis*: a mass crime with significant distinguishing features, including the historic assault on the seat of the legislative branch of the federal government, the vast size of the mob, the goal of impeding if not preventing the peaceful transfer of Presidential power, the use of violence by a substantial number of rioters against law enforcement officials, and the large number of victims. Thus, even though many of the defendants were not charged as conspirators or as codefendants, the sentences handed down for

Capitol breach offenses is an appropriate group for purposes of measuring disparity of any future sentence.

While no previously sentenced case contains the same balance of aggravating and mitigating factors present here, other judges of this court have sentenced to a term of incarceration Capitol breach defendants who spent time in sensitive places within the Capitol. A defendant's entry into a sensitive space, such as the Senate Floor or an office, places that defendant in a more serious category of offenders than defendants who remained in hallways or central, more public spaces, such as the Rotunda. A defendant who entered a sensitive space took an extra step to occupy the Capitol and displace Congress and to display the dominance of the mob over the will of the people. That person's presence is even more disruptive. An unauthorized individual in a private office—like Senator Merkley's hideaway office - poses a greater threat and creates a greater impediment to members of Congress and staffers just trying to do their jobs than would a trespasser passing through a hallway.  Indeed, this dynamic is aptly described by Senator Merkley in his recorded video posting where he notes that the rioters "tore things off the wall, including this Chinese scroll that a very good friend of mine had made by a renowned artist."

One of the most famous photographs from January 6 is that of a rioter in Speaker Pelosi's office, with his feet on her desk. *See* Amended Complaint, *United States v. Richard Barnett*, 21-cr-38, ECF No. 3, at 2. That photograph has become notorious likely for exactly this reason, because of what invading the office of a member of Congress represents: a show of intimidation, an attempted display of power, above and beyond entering the building. Senator Merkley's hideaway office was clearly recognizable as a private office, and thus implicates similar concerns. Again, the government recognizes that upon initially viewing the destruction and misconduct that

took place in Senator Merkley's office, after he leaves Buckler goes right back to another area of the Capitol and engages in his celebratory chanting.

While no previously sentenced case contains the same balance of aggravating and mitigating factors present here, other judges of this court have sentenced to a term of incarceration Capitol breach defendants who spent time in sensitive places within the Capitol. A defendant's entry into a sensitive space, such as the Senate Floor or an office, places that defendant in a more serious category of offenders than defendants who remained in hallways or central, more public spaces, such as the Rotunda. A defendant who entered a sensitive space took an extra step to occupy the Capitol and displace Congress and to display the dominance of the mob over the will of the people. That person's presence is even more disruptive. An unauthorized individual in a private office—like Senator Merkley's hideaway office—poses a greater threat and creates a greater impediment to members of Congress and staffers just trying to do their jobs than would a trespasser passing through a hallway.

Here, the Court may consider the sentence imposed on Nathan Wayne Entrekin.  D.D.C. No. 21-CR-686 (FYP).  Defendant Entrekin, like Buckler, entered the Capitol twice, once through the Parliamentarian (Fire) door and again through the Senate wing door.  Defendant Entrekin, like Buckler, entered Oregon Senator Jeff Merkley's Office.  Judge Pan sentenced Entrekin to 45 days of incarceration and three years of probation.  The government notes that Entrekin, unlike Buckler, had a prior criminal history.

The Court may also consider the sentence imposed on James Bonet.  D.D.C. No. 1:21-cr-00121 (EGS).  Defendant Bonet, like Buckler, entered the Capitol through the Senate wing door area.  Unlike Buckler, Bonet entered the Capitol once not twice.  Defendant Bonet, like Buckler, entered Oregon Senator Jeff Merkley's Office.  Defendant Bonet, unlike Buckler, smoked

marijuana in Senator Merkley's office.   Judge Sullivan sentenced Bonet to 90 days of incarceration, twelve months of supervised release and 200 hours of community service.   The government notes that Bonet, unlike Buckler, had a prior criminal history.   Bonet also pled guilty to an offense under 18 U.S.C. § 1752(a)(1).

The Court may also consider the sentence imposed on Felipe Marquez.  Marquez, like Buckler, was present inside the private hideaway office of Senator Merkley, which suffered substantial damage.  Marquez, like Buckler, gained entry through the Senate Wing door, although Marquez entered through the door.  Marquez, like Buckler, walked to the Crypt and was cheering and screaming as Rioters roamed about.  The government acknowledges that Felipe Marquez, who also entered Senator Merkley's office, received a sentence of three months' home detention and that the government had recommended four months' incarceration. *United States v. Marquez*, 21-cr-136 (RC). Judge Contreras, however, explained that Marquez's documented mental-health issues had a "significant influence" on his sentence, and believed that probation would best allow Marquez to receive mental-health treatment. *Marquez*, Tr. 12/10/21 at 32, 34, 37. One other defendant who entered Senator Merkley's office also received a probationary sentence, but he was a 68-year-old retiree with no criminal record who was there for less than a minute, and there was no evidence that he engaged in any flagrant conduct while there. *See United States v. Edwards*, 21-cr-366 (JEB).

In any event, the goal of minimizing unwarranted sentencing disparities in § 3553(a)(6) is "only one of several factors that must be weighted and balanced," and the degree of weight is "firmly committed to the discretion of the sentencing judge." *United States v. Coppola*, 671 F.3d 220, 254 (2d Cir. 2012). The § 3553(a) factors that this Court assesses are "open-ended," with the result that "different district courts may have distinct sentencing philosophies and may emphasize

and weigh the individual § 3553(a) factors differently; and every sentencing decision involves its own set of facts and circumstances regarding the offense and the offender." *United States v. Gardellini*, 545 F.3d 1089, 1093 (D.C. Cir. 2008). "[D]ifferent district courts can and will sentence differently—differently from the Sentencing Guidelines range, differently from the sentence an appellate court might have imposed, and differently from how other district courts might have sentenced that defendant." *Id.* at 1095.

## V.     The government requests a split sentence and the Court can impose a split sentence

A sentencing court may impose a "split sentence"—"a period of incarceration followed by period of probation," *Foster v. Wainwright*, 820 F. Supp. 2d 36, 37 n.2 (D.D.C. 2011) (citation omitted)—for a defendant convicted of a federal petty offense. *See* 18 U.S.C. § 3561(a)(3); *see United States v. Little*, 21-cr-315 (RCL), 2022 WL 768685, at *1 (D.D.C. Mar. 14, 2022) (concluding that " a split sentence is permissible under law and warranted by the circumstances of this case); *United States v. Sarko*, No. 21CR591 (CKK), 2022 WL 1288435, at *1 (D.D.C. Apr. 29, 2022) (explaining why a split sentence is permissible in a petty offense case); *United States v. Caplinger*, No. CR 21-0342 (PLF), 2022 WL 2045373, at *1 (D.D.C. June 7, 2022) ("the Court concludes that a split sentence is permissible for a petty offense and therefore is an option for the Court in Mr. Caplinger's case."); *United States v. Smith*, 21-cr-290 (RBW), ECF 43 (D.D.C. Mar. 15, 2022) (imposing split sentence); *United States v. Meteer*, 21-cr-630 (CJN), ECF 37 (D.D.C. April 22, 2022) (imposing split sentence); *United States v. Entrekin*, 21-cr-686 (FYP), ECF 34 (D.D.C. May 6, 2022) (imposing split sentence); *United States v. Hemphill*, 21-cr-555 (RCL), ECF 42 (D.D.C. May 24, 2022) (imposing split sentence); *United States v. Buhler*, 21-cr-510 (CKK), ECF 39 (D.D.C. June 1, 2022) (imposing split sentence); United States v. Revlett, 21-cr-281 (JEB),

(D.D.C. July 7, 2022) (imposing split sentence). In addition, for any defendant placed on probation, a sentencing court may impose incarceration for a brief interval as a condition of probation under 18 U.S.C. § 3563(b)(10).

### VI.   A sentence imposed for a petty offense may include both incarceration and probation.

#### A.   Relevant Background

In 1984, Congress enacted the Sentencing Reform Act, which in substantial part remains the sentencing regime that exists today.  *See* Pub. L. No. 98–473, §§211-212, 98 Stat 1837 (1984), *codified at* 18 U.S.C. § 3551 *et seq.*; *see Mistretta v. United States*, 488 U.S. 361, 365-66 (1989) (noting that the Sentencing Reform Act of 1984 wrought "sweeping changes" to federal criminal sentencing).  That legislation falls in Chapter 227 of Title 18, which covers "Sentences."  Chapter 227, in turn, consists of subchapter A ("General Provisions"), subchapter B ("Probation"), subchapter C ("Fines"), and subchapter D ("Imprisonment).   Two provisions—one from subchapter A and one from subchapter B—are relevant to the question of whether a sentencing court may impose a term of continuous incarceration that exceeds two weeks[5] followed by a term of probation.

First, in subchapter A, 18 U.S.C. § 3551 sets out "[a]uthorized sentences."  Section 3551(a) makes clear that a "defendant who has been found guilty of" any federal offense "shall be sentenced in accordance with the provisions of" Chapter 227 "[e]xcept as otherwise specifically provided."  18 U.S.C. § 3551(a).  Section 3551(b) provides that a federal defendant shall be sentenced to "(1) a term of probation as authorized by subchapter B; (2) a fine as authorized by

---

[5] A period of incarceration that does not exceed two weeks followed by a term of probation is also permissible under 18 U.S.C. § 3653(b)(10).  *See* Part II *infra*.

subchapter C; or (3) a term of imprisonment as authorized by subchapter D." 18 U.S.C. § 3551(b).[6] As a general matter, therefore, "a judge must sentence a federal offender to either a fine, a term of probation, or a term of imprisonment." *United States v. Kopp*, 922 F.3d 337, 340 (7th Cir. 2019).

Second, 18 U.S.C. § 3561, the first provision in subchapter B, addresses a "[s]entence of probation."  As initially enacted, Section 3561 provided that a federal defendant may be sentenced to a term of probation "unless . . . (1) the offense is a Class A or Class B felony and the defendant is an individual; (2) the offense is an offense for which probation has been expressly precluded; or (3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense."  Pub. L. No. 98-473, at § 212; *see United States v. Anderson*, 787 F. Supp. 537, 539 (D. Md. 1992) (noting that the Sentencing Reform Act did not permit "a period of 'straight' imprisonment . . . at the same time as a sentence of probation").

Congress, however, subsequently amended Section 3561(a)(3).  In 1991, Congress considered adding the following sentence to the end of Section 3561(a)(3): "However, this paragraph does not preclude the imposition of a sentence to a term of probation for a petty offense if the defendant has been sentenced to a term of imprisonment at the same time for another such offense."  H.R. Rep. 102-405, at 167 (1991).  Instead, three years later Congress revised Section 3561(a)(3) by appending the phrase "that is not a petty offense" to the end of the then-existing language.  *See* H.R. Rep. No. 103-711, at 887 (1994) (Conference Report).  In its current form, therefore, Section 3561(a)(3) provides that a defendant "may be sentenced to a term of probation unless . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  18 U.S.C. § 3561(a)(3).

---

[6] Section 3551(b) further provides that a sentencing judge may impose a fine "in addition to any other sentence."  18 U.S.C. § 3551(b).

### B.  Analysis

Before Congress passed the Sentencing Reform Act of 1984, sentencing courts could impose a split sentence on a federal defendant in certain cases.  *See United States v. Cohen*, 617 F.2d 56, 59 (4th Cir. 1980) (noting that a sentencing statute enacted in 1958 had as its "primary purpose . . . to enable a judge to impose a short sentence, not exceeding sixth months, followed by probation on a one count indictment"); *see also United States v. Entrekin*, 675 F.2d 759, 760-61 (5th Cir. 1982) (affirming a split sentence of six months' incarceration followed by three years of probation).  In passing the Sentencing Reform Act, Congress sought generally to abolish the practice of splitting a sentence between imprisonment and probation because "the same result" could be accomplished through a "more direct and logically consistent route," namely the use of supervised release as set out in 18 U.S.C. §§ 3581 and 3583.  S. Rep. No. 225, 1983 WL 25404, at *89; *accord* United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 5B1.1, Background.  But Congress's 1994 amendment to Section 3561(a)(3) reinstated a sentencing court's authority to impose a split sentence for a petty offense.

Under 18 U.S.C. § 3561, a defendant "may be sentenced to a term of probation unless . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  18 U.S.C. § 3561(a)(3).  Thus, for any federal offense *other than* a petty offense, Section 3561(a)(3) prohibits "imposition of both probation and straight imprisonment," consistent with the general rule in Section 3551(b).  *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999); *see United States v. Martin*, 363 F.3d 25, 31 (1st Cir. 2004); *United States v. Harris*, 611 F. App'x 480, 481 (9th Cir. 2015); *Anderson*, 787 F. Supp. at 539.

But the statutory text of 18 U.S.C. § 3561(a)(3) goes further by permitting a court to sentence a defendant to a term of probation "unless" that defendant "is sentenced at the same

25

time to a term of imprisonment for the same or a different offense that is not a petty offense."  18

U.S.C. § 3561(a)(3).  Section 3561 "begins with a grant of authority"—permitting a court to

impose probation—followed by a limitation in the words following "unless."  *Little*, 2022 WL

768685, at *4.  But that limitation "does not extend" to a defendant sentenced to a petty offense.

*See id.* ("[W]hile a defendant's sentence of a term of imprisonment *may* affect a court's ability to

impose probation, the petty-offense clause limits this exception.").

      It follows that when a defendant *is* sentenced for a petty offense, that defendant may be

sentenced to a period of continuous incarceration and a term of probation.  *See United States v.*

*Posley*, 351 F. App'x 807, 809 (4th Cir. 2009) (per curiam).  In *Posley*, the defendant, convicted

of a petty offense, was sentenced to two years of probation with the first six months in prison.  *Id.*

at 808.  In affirming that sentence, the Fourth Circuit concluded that Section 3561(a)(3)

"[u]nquestionably" provided statutory authority to sentence the petty-offense defendant to "a term

of six months of continuous imprisonment plus probation."  *Id.* at 809; *see* Cyclopedia of Federal

Procedure, § 50:203, *Capacity of court to impose probationary sentence on defendant in*

*conjunction with other sentence that imposes term of imprisonment* (3d ed. 2021) ("[W]here the

defendant is being sentenced for a petty offense, a trial court may properly sentence such individual

to a term of continuous imprisonment for a period of time, as well as a sentence of probation.")

(citing *Posley*); *see also* Wright and Miller, *Federal Practice and Procedure*, § 547, at n.13 (4th

ed. 2021) ("A defendant may be sentenced to probation unless he . . . is sentenced at the same time

to imprisonment for an offense *that is not petty*.") (emphasis added).

      Nor does the phrase "that is not a petty offense" in Section 3561(a)(3) modify only

"different offense."  *See Little*, 2022 WL 768685, at *5-*6 (concluding that "same" in Section

3561(a)(3) functions as an adjective that modifies "offense").  Section 3561(a)(3) does not state

"the same *offense* or a different offense that is not a petty offense," which would imply that the final modifier—*i.e.*, "that is not a petty offense"—applies only to "different offense." The phrase "that is not a petty offense" is a postpositive modifier best read to apply to the entire, integrated phrase "the same or a different offense." *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 148 (2012). Had Congress sought to apply the phrase "not a petty offense" solely to "different offense," the "typical way in which syntax would suggest no carryover modification" would be some language that "cut[s] off the modifying phrase so its backward reach is limited." *Id.* at 148-49. And while the indefinite article "a" might play that role in other contexts (*e.g.*, "either a pastry or cake with icing" vs. "either a pastry or a cake with icing"), the indefinite article in Section 3561(a)(3) merely reflects the fact that the definite article before "same" could not naturally apply to the undefined "different offense." *See Little*, 2022 WL 768685, at *6 (identifying other statutes and "legal contexts" with the identical phrase that carry the same interpretation).

Permitting a combined sentence of continuous incarceration and probation for petty offenses is sensible because sentencing courts cannot impose supervised release on petty-offense defendants. *See* 18 U.S.C. § 3583(b)(3); *United States v. Jourdain*, 26 F.3d 127, 1994 WL 209914, at *1 (8th Cir. 1994) (unpublished) (plain error to impose a term of supervised release for a petty offense). When Congress in 1994 amended the language in Section 3561(a), it again provided sentencing courts with "latitude," *see* S. Rep. 98-225, 1983 WL 25404, at *89, to ensure some degree of supervision—through probation—following incarceration.

Section 3551(b)'s general rule that a sentencing court may impose either imprisonment or probation (but not both) does not preclude a sentencing court from imposing a split sentence under Section 3561(a)(3) for a petty offense for two related reasons.

First, the more specific permission for split sentences in petty offense cases in Section 3561(a)(3) prevails over the general prohibition on split sentences in Section 3551(b).  *See Morton v. Mancari*, 417 U.S. 535, 550-51 (1974) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one.").  As noted above, when Congress enacted the general prohibition on split sentences in Section 3551(b), it had not yet enacted the more specific carveout for split sentences in petty offense cases in Section 3561(a)(3).  That carveout does not "void" the general prohibition on split sentences in Section 3551(b); rather, Section 3551(b)'s general prohibition's "application to cases covered by the specific provision [in Section 3651(a)(3)] is suspended" as to petty offense cases.  Scalia & Garner, *supra*, at 184.  In other words, Section 3551(b)'s prohibition against split sentences "govern[s] all other cases" apart from a case involving a petty offense.  *Id.*  This interpretation, moreover, "ensures that *all* of Congress's goals set forth in the text are implemented."  *Little*, 2022 WL 768685, at *8.

Second, to the extent Section 3551(b)'s general prohibition against split sentences conflicts with Section 3561(a)(3)'s permission for split sentences in petty offense cases, the latter, later-enacted provision controls.  *See Posadas v. Nat'l Bank of N.Y.*, 296 U.S. 497, 503 (1936) ("Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one."); Scalia & Garner, *supra*, at 327-329.  Where a conflict exists "between a general provision and a specific one, whichever was enacted later might be thought to prevail."  *Id.* at 185.  "The "specific provision"—here Section 3561(a)(3)—"does not negate the general one entirely, but only in its application to the situation that the specific provision covers."  *Id.*  Section 3551(b)'s general prohibition does not operate against the more specific, later-enacted carveout for split sentences in Section 3561(a)(3).

An interpretation of Sections 3551(b) and 3561(a) that a sentencing court "must choose between probation and imprisonment when imposing a sentence for a petty offense," *United States v. Spencer*, No. 21-cr-147 (CKK), Doc. 70, at 5 (Jan. 19, 2022), fails to accord the phrase "that is not a petty offense" in Section 3561(a)(3) any meaning.  When Congress in 1994 amended Section 3561(a)(3) to include that phrase, it specifically permitted a sentencing court in a petty offense case to deviate from the otherwise applicable general prohibition on combining continuous incarceration and probation in a single sentence.   Ignoring that amended language would improperly fail to "give effect to every clause and word" of Section 3561(a)(3).  *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 385 (2013).

Congress's unenacted language from 1991 does not suggest that a split sentence is available only where a defendant is sentenced at the same time for two different petty offenses or for two offenses, at least one of which is a petty offense.  For one thing, the Supreme Court has regularly rejected arguments based on unenacted legislation given the difficulty of determining whether a prior bill prompted objections because it went too far or not far enough.  *See Mead Corp. v. Tilley*, 490 U.S. 714, 723 (1989) ("We do not attach decisive significance to the unexplained disappearance of one word from an unenacted bill because 'mute intermediate legislative maneuvers' are not reliable indicators of congressional intent.") (citation omitted).  Moreover, under that view, every offense other than a petty offense could include some period of incarceration and some period of supervision (whether that supervision is supervised release or probation).  Yet so long as a defendant was convicted of two petty offenses, that defendant could be sentenced to incarceration and supervision (in the form of probation).  No sensible penal policy supports that interpretation.

It follows that a sentencing court may impose a combined sentence of incarceration and probation where, as here, the defendant is convicted of a petty offense.  Buckler pleaded guilty to one count of 40 U.S.C. § 5104(e)(2)(G): Parading, Demonstrating, or Picketing in the Capitol Building, which is a "petty offense" that carries a maximum penalty that does not exceed six months in prison and a $5,000 fine.  *See* 18 U.S.C. § 19; *see United States v. Soderna*, 82 F.3d 1370, 1381 n.2 (7th Cir. 1996) (Kanne, J., concurring) (citations omitted) (noting that a petty offender may face a sentence of up to five years in probation).

### VII.   A sentence of probation may include incarceration as a condition of probation, though logistical and practical reasons may militate against such a sentence during an ongoing pandemic.

#### A.   *Relevant background*

In 18 U.S.C. § 3563, Congress set out "[c]onditions of probation."  18 U.S.C. § 3563. Among the discretionary conditions of probation a sentencing court may impose is a requirement that a defendant

> remain in the custody of the Bureau of Prisons during nights, weekends or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release.

18 U.S.C. § 3563(b)(10).  Congress enacted this provision to give sentencing courts "flexibility" to impose incarceration as a condition of probation in one of two ways.  S. Rep. No. 225, 1983 WL 25404, at *98.  First, a court can direct that a defendant be confined in "split intervals" over weekends or at night.  *Id.*  Second, a sentencing court can impose "a brief period of confinement" such as "for a week or two."  *Id.*[7]

---

[7] Section 3563(b)(10)'s legislative history notes that imprisonment as a term of probation was "not intended to carry forward the split sentence provided in Section 3561, by which the judge imposes a sentence of a few months in prison followed by probation."  S. Rep. No. 225, 1983 WL 25404, at *98.

### B.  Analysis

A sentencing court may impose one or more intervals of imprisonment up to a year (or the statutory maximum) as a condition of probation, so long as the imprisonment occurs during "nights, weekends or other intervals of time."  18 U.S.C. § 3653(b)(10).  Although the statute does not define an "interval of time," limited case law suggests that it should amount to a "brief period" of no more than a "week or two" at a time.  *United States v. Mize*, No. 97-40059, 1998 WL 160862, at \*2 (D. Kan. Mar. 18, 1998) (quoting Section 3563(b)(10)'s legislative history described above and reversing magistrate's sentence that included 30-day period of confinement as a condition of probation); *accord United States v. Baca*, No. 11-1, 2011 WL 1045104, at \*2 (C.D. Cal. Mar. 18, 2011) (concluding that two 45-day periods of continuous incarceration as a condition of probation was inconsistent with Section 3563(b)(10)); *see also Anderson*, 787 F. Supp. at 538 (continuous 60-day incarceration not appropriate as a condition of probation); *Forbes*, 172 F.3d at 676 ("[S]ix months is not the intermittent incarceration that this statute permits.").  Accordingly, a sentence of up to two weeks' imprisonment served in one continuous term followed by a period of probation is permissible under Section 3563(b)(10).[8]

A sentencing court may also impose "intermittent" confinement as a condition of probation to be served in multiple intervals during a defendant's first year on probation.  18 U.S.C. § 3563(b)(10); *see Anderson*, 787 F. Supp. at 539.  Notwithstanding a sentencing court's legal authority to impose intermittent confinement in this manner, the government has refrained from requesting such a sentence in Capitol breach cases given the potential practical and logistical

---

[8] Section 3563(b)(10)'s use of the plural to refer to "nights, weekends, or intervals of time" does not imply that a defendant must serve multiple stints in prison.  Just as "words importing the singular include and apply to several persons, parties, or things," "words importing the plural include the singular."  1 U.S.C. § 1; *see* Scalia & Garner, *supra*, at 129-31.

concerns involved when an individual repeatedly enters and leaves a detention facility during an ongoing global pandemic.  Those concerns would diminish if conditions improve or if a given facility is able to accommodate multiple entries and exits without unnecessary risk of exposure.

## VIII.   Conclusion

Sentencing requires the Court to carefully balance the § 3553(a) factors. As explained herein, some of those factors support a sentence of incarceration and some support a more lenient sentence. Balancing these factors, the government recommends that this Court sentence Matthew Buckler to thirty days of jail, thirty-six months of probation, 60 hours of community service, $500 in restitution, and the mandatory $10 special assessment.  Such a sentence protects the community, promotes respect for the law, and deters future crime by imposing a jail sentence, but not for a lengthy period, as a consequence of his behavior, while recognizing his acceptance of responsibility.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC BAR NO. 481052

*/s/ James D. Peterson*
JAMES D. PETERSON
VA Bar 35373

Detailee to the U.S. Attorney's Office for the
District of Columbia
Washington, D.C. 20530
(202) 353-0796
James.d.peterson@usdoj.gov

# EXHIBIT A
# (Video provided via USAfx)

# EXHIBIT B
# (Video provided via USAfx)

# EXHIBIT C
# (Video provided via USAfx)

# EXHIBIT D
# (Video provided via USAfx)

# EXHIBIT E
# (Video provided via USAfx)

Table 1: Cases in which the government recommended a probation sentence without home detention[9]

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence |
|---|---|---|---|---|
| Morgan-Lloyd, Anna | 1:21-CR-00164-RCL | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 36 months<br>120 hours<br>$500 resti |
| Ehrke, Valerie | 1:21-CR-00097-PLF | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 36 months<br>120 hours<br>$500 resti |
| Bissey, Donna | 1:21-CR-00165-TSC | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 14 days' i<br>60 hours c<br>$500 resti |
| Hiles, Jacob | 1:21-CR-00155-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>60 hours community service<br>$500 restitution | 24 months<br>60 hours c<br>$500 resti |
| Wangler, Douglas | 1:21-CR-00365-DLF | 40 U.S.C. § 5104(e)(2)(G) | 36 months' probation<br>40 hours community service<br>$500 restitution | 24 months<br>60 hours c<br>$500 resti |
| Harrison, Bruce | 1:21-CR-00365-DLF | 40 U.S.C. § 5104(e)(2)(G) | 48 months' probation<br>40 hours community service<br>$500 restitution | 24 months<br>60 hours c<br>$500 resti |

Table 2: Cases in which the government recommended a probation sentence with home detention

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence |
|---|---|---|---|---|
| Bustle, Jessica | 1:21-CR-00238-TFH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>40 hours community service<br>$500 restitution | 2 months'<br>24 months<br>40 hours c<br>$500 resti |
| Bustle, Joshua | 1:21-CR-00238-TFH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>40 hours community service<br>$500 restitution | 30 days' h<br>24 months<br>40 hours c<br>$500 resti |

---

[9] Early in this investigation, the Government made a very limited number of plea offers in misdemeanor cases that included an agreement to recommend probation in *United States v. Anna Morgan-Lloyd*, 1:21-cr-00164(RCL); *United States v. Valerie Elaine Ehrke*, 1:21-cr-00097(PFF); *United States v. Donna Sue Bissey*, 1:21-cr-00165(TSC), *United States v. Douglas K. Wangler*, 1:21-cr-00365(DLF), and *United States v. Bruce J. Harrison*, 1:21-cr-00365(DLF). The government is abiding by its agreements in those cases, but has made no such agreement in this case. *Cf. United States v. Rosales-Gonzales*, 801 F.3d 1177, 1183 (9th Cir. 2015) (no unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) between defendants who plead guilty under a "fast-track" program and those who do not given the "benefits gained by the government when defendants plead guilty early in criminal proceedings") (citation omitted).

| Doyle, Danielle | 1:21-CR-00324-TNM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months'<br>$3,000 fin<br>$500 resti |
| --- | --- | --- | --- | --- |
| Bennett, Andrew | 1:21-CR-00227-JEB | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months'<br>24 months<br>80 hours c<br>$500 resti |
| Mazzocco, Matthew | 1:21-CR-00054-TSC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 45 days' i<br>60 hours c<br>$500 resti |
| Rosa, Eliel | 1:21-CR-00068-TNM | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 12 months'<br>100 hours<br>$500 resti |

| | | | | |
|---|---|---|---|---|
| Gallagher, Thomas | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>Fine<br>60 hours community service<br>$500 restitution | 24 months<br>60 hours c<br>$500 restit |
| Vinson, Thomas | 1:21-CR-00355-RBW | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>3 years' probation<br>60 hours community service<br>$500 restitution | 5 years' p<br>$5,000 fin<br>120 hours<br>$500 resti |
| Dillon, Brittiany | 1:21-CR-00360-DLF | 40 U.S.C. § 5104(e)(2)(D) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months'<br>36 months<br>$500 resti |
| Sanders, Jonathan | 1:21-CR-00384-CJN | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months<br>60 hours c<br>$500 resti |
| Fitchett, Cindy | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' h<br>36 months<br>60 hours c<br>$500 resti |
| Sweet, Douglas | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' h<br>36 months<br>60 hours c<br>$500 resti |
| Cordon, Sean | 1:21-CR-00269-TNM | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months'<br>$4000 fin<br>$500 resti |

| | | | | |
|---|---|---|---|---|
| Wilkerson, John IV | 1:21-CR-00302-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months<br>$2500 fine<br>60 hours c<br>$500 resti |
| Jones, Caleb | 1:21-CR-00321-JEB | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months'<br>24 months<br>100 hours<br>$500 resti |
| Brown, Terry | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 45 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' h<br>36 months<br>60 hours c<br>$500 resti |
| Wrigley, Andrew | 1:21-CR-00042-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 18 months<br>$2000 fine<br>60 hours c<br>$500 resti |
| Parks, Jennifer | 1:21-CR-00363-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months<br>60 hours c<br>$500 resti |
| Reimler, Nicholas | 1:21-CR-00239-RDM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' h<br>36 months<br>60 hours c<br>$500 resti |
| Miller, Brandon | 1:21-CR-00266-TSC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 20 days' i<br>60 hours c<br>$500 resti |
| Miller, Stephanie | 1:21-CR-00266-TSC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 14 days' i<br>60 hours c<br>$500 resti |
| Hatley, Andrew | 1:21-CR-00098-TFH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months<br>$500 resti |
| Pert, Rachael | 1:21-CR-00139-TNM | 18 U.S.C. § 1752(a)(1) | 3 months' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution | 24 months<br>100 hours<br>$500 resti |
| Winn, Dana | 1:21-CR-00139-TNM | 18 U.S.C. § 1752(a)(1) | 3 months' home detention<br>24 months' probation<br>40 hours community service<br>$500 restitution | 10 days' i<br>12 months<br>100 hours<br>$500 resti |
| Wickersham, Gary | 1:21-CR-00606-RCL | 40 U.S.C. § 5104(e)(2)(G) | 4 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months'<br>36 months<br>$2000 fine<br>$500 resti |
| Schwemmer, Esther | 1:21-CR-00364-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation | 24 months<br>60 hours c |

41

| | | | | |
|---|---|---|---|---|
| | | | 60 hours community service<br>$500 restitution | $500 resti |
| Kelly, Kenneth | 1:21-CR-00331-CKK | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months'<br>12 months<br>$500 resti |
| Straka, Brandon | 1:21-cr-00579-DLF | 40 U.S.C. § 5104(e)(2)(D) | 4 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months'<br>36 months<br>$5000 fine<br>60 hours c<br>$500 resti |
| Sizer, Julia | 1:21-CR-00621-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 12 months<br>$2,000 fin<br>$500 resti |
| Blauser, William | 1:21-CR-00386-TNM | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | $500 fine<br>$500 resti |

| | | | | |
|---|---|---|---|---|
| Barnard, Richard | 1:21-CR-00235-RC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' h<br>12 months<br>60 hours c<br>$500 resti |
| Witcher, Jeffrey | 1:21-CR-00235-RC | 18 U.S.C. § 1752(a)(1) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 12 months<br>60 hours c<br>$500 resti |
| McAlanis, Edward | 1:21-CR-00516-DLF | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months<br>60 hours c<br>$500 resti |
| Lollis, James | 1:21-CR-00671-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>100 hours community service<br>$500 restitution | 3 months'<br>36 months<br>100 hours<br>$500 resti |
| Schubert, Amy | 1:21-CR-00588-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>$2000 fine<br>60 hours community service<br>$500 restitution | 18 months<br>$2000 fin<br>100 hours<br>$500 resti |
| Schubert, John | 1:21-CR-00587-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>$1500 fine<br>60 hours community service<br>$500 restitution | 18 months<br>$1500 fin<br>100 hours<br>$500 resti |
| Orangias, Michael | 1:21-CR-00265-CKK | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>$500 restitution | 3 months'<br>36 months<br>$500 resti |
| Quick, Michael | 1:21-CR-00201-DLF | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>$1000 fine<br>$500 restitution | 36 months<br>$1000 fin<br>60 hours c<br>$500 resti |
| Quick, Stephen | 1:21-CR-00201-DLF | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>$500 restitution | 24 months<br>$1000 fin<br>60 hours c<br>$500 resti |
| Reda, Kenneth | 1:21-CR-00452-TFH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months'<br>36 months<br>60 hours c<br>$500 resti |
| McCreary, Brian | 1:21-CR-00125-BAH | 18 U.S.C. § 1752(a)(1) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 42 days' i<br>(condition<br>2 months'<br>36 months<br>$2,500 fin<br>$500 resti |
| Colbath, Paul | 1:21-CR-00650-RDM | 40 U.S.C. § 5104(e)(2)(G) | 3 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 day's h<br>36 months<br>60 hours c<br>$500 resti |

| Lewis, Jacob | 1:21-CR-00100-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' home detention<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months<br>$3000 fine<br>60 hours c<br>$500 resti |
| Lentz, Nicholes | 1:22-CR-00053-RDM | 18 U.S.C. § 1752(a)(1) | 2 months' home detention<br>36 months' probation | 1 month h<br>36 months<br>100 hours<br>$500 resti |
| Daughtry, Michael | 1:21-CR00141-RDM | 18 U.S.C. § 1752(a)(1) | 4 month's home detention<br>36 months' probation<br>$500 restitution | 60 days' h<br>36 months<br>$500 resti |

Table 3: Cases in which the government recommended a sentence of incarceration

| Defendant Name | Case Number | Offense of Conviction | Government Recommendation | Sentence In |
|---|---|---|---|---|
| Curzio, Michael | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 6 months' incarceration (time served) | 6 months'<br>served)<br>$500 restit |
| Hodgkins, Paul | 1:21-CR-00188-RDM | 18 U.S.C. § 1512(c)(2) | 18 months' incarceration | 8 months' i<br>24 months'<br>$2000 resti |
| Dresch, Karl | 1:21-CR-00071-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 6 months' incarceration (time served)<br>$1000 fine<br>$500 restitution | 6 months' i<br>served)<br>$500 restit |
| Jancart, Derek | 1:21-CR-00148-JEB | 40 U.S.C. § 5104(e)(2)(D) | 4 months' incarceration<br>$500 restitution | 45 days' in<br>$500 restit |
| Rau, Erik | 1:21-CR-00467-JEB | 40 U.S.C. § 5104(e)(2)(D) | 4 months' incarceration<br>$500 restitution | 45 days' in<br>$500 restit |
| Hemenway, Edward | 1:21-CR-00049-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 45 days' in<br>60 hours co<br>$500 restit |
| Reeder, Robert | 1:21-CR-00166-TFH | 40 U.S.C. § 5104(e)(2)(G) | 6 months' incarceration<br>$500 restitution | 3 months' i<br>$500 restit |
| Bauer, Robert | 1:21-CR-00049-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 45 days' in<br>60 hours co<br>$500 restit |
| Smocks, Troy | 1:21-CR-00198-TSC | 18 U.S.C. § 875(c) | Low end of sentencing guidelines<br>36 months' supervised release | 14 months'<br>36 months' |
| Vinson, Lori | 1:21-CR-00355-RBW | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 60 months'<br>$5,000 fine<br>120 hours c<br>$500 restit |
| Griffith, Jack | 1:21-CR-00204-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 3 months' l<br>36 months'<br>$500 restit |
| Torrens, Eric | 1:21-CR-00204-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 3 months' l<br>36 months' |

| | | | | |
|---|---|---|---|---|
| | | | | $500 restitu... |
| Gruppo, Leonard | 1:21-CR-00391-BAH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 3 months' l...<br>24 months'...<br>$3,000 fine...<br>$500 restitu... |
| Ryan, Jennifer | 1:21-CR-00050-CRC | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 2 months' i...<br>$1000 fine...<br>$500 restitu... |
| Croy, Glenn | 1:21-CR-00162-BAH | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 14 days' co...<br>facility<br>3 months' l...<br>36 months'...<br>$500 restitu... |
| Stotts, Jordan | 1:21-CR-00272-TJK | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 2 months' l...<br>24 months'...<br>60 hours co...<br>$500 restitu... |
| Fairlamb, Scott | 1:21-CR-00120-RCL | 18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 111(a)(1) | 44 months' incarceration<br>36 months' supervised release<br>$2000 fine | 41 months'...<br>36 months'...<br>$2000 restit... |
| Camper, Boyd | 1:21-CR-00325-CKK | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 2 months' i...<br>60 hours co...<br>$500 restitu... |
| Rukstales, Bradley | 1:21-CR-00041-CJN | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 30 days' in...<br>$500 restitu... |
| Cordon, Kevin | 1:21-CR-00277-TNM | 18 U.S.C. § 1752(a)(1) | 30 days' incarceration<br>12 months' supervised release<br>$500 restitution | 12 months'...<br>$4000 fine...<br>100 hours c...<br>$500 restitu... |
| Chansley, Jacob | 1:21-CR-00003-RCL | 18 U.S.C. § 1512(c)(2) | 51 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 41 months'...<br>36 months'...<br>$2000 resti... |
| Mish, David | 1:21-CR-00112-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' in...<br>$500 restitu... |
| Lolos, John | 1:21-CR-00243-APM | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 14 days' in...<br>$500 restitu... |
| Scavo, Frank | 1:21-CR-00254-RCL | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 2 months' i...<br>$5000 fine...<br>$500 restitu... |
| Abual-Ragheb, Rasha | 1:21-CR-00043-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 2 months' l...<br>36 months'...<br>60 hours co...<br>$500 restitu... |
| Peterson, Russell | 1:21-CR-00309-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 30 days' in...<br>$500 restitu... |
| Simon, Mark | 1:21-CR-00067-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 35 days' in...<br>$500 restitu... |
| Ericson, Andrew | 1:21-CR-00506-TNM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 20 days' in...<br>weekends)<br>24 months'... |

| | | | | |
|---|---|---|---|---|
| | | | | $500 restitu |
| Pham, Tam Dinh | 1:21-CR-00109-TJK | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 45 days' in<br>$1000 fine<br>$500 restitu |
| Nelson, Brandon | 1:21-CR-00344-JDB | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 24 months'<br>$2500 fine<br>50 hours co<br>$500 restitu |
| Markofski, Abram | 1:21-CR-00344-JDB | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>$500 restitution | 24 months'<br>$1000 fine<br>50 hours co<br>$500 restitu |
| Marquez, Felipe | 1:21-CR-00136-RC | 18 U.S.C. § 1752(a)(2) | 4 months' incarceration<br>12 months' supervised release<br>$500 restitution | 3 month's l<br>18 months'<br>$500 restitu |
| Meredith, Cleveland | 1:21-CR-00159-ABJ | 18 U.S.C. § 875(c) | Midrange of 37-46 months' incarceration<br>36 months' supervised release | 28 months'<br>36 months' |
| Sorvisto, Jeremy | 1:21-CR-00320-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' in<br>$500 restitu |
| Mariotto, Anthony | 1:21-CR-00094-RBW | 40 U.S.C. § 5104(e)(2)(G) | 4 months' incarceration<br>36 months' probation<br>$500 restitution | 36 months'<br>$5000 fine<br>250 hours o<br>$500 restitu |

| Name | Case Number | Statute | Sentence | (cut off) |
|---|---|---|---|---|
| Courtright, Gracyn | 1:21-CR-00072-CRC | 18 U.S.C. § 1752(a)(1) | 6 months' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 30 days' in...<br>12 months'...<br>60 hours co...<br>$500 restitu... |
| Palmer, Robert | 1:21-CR-00328-TSC | 18 U.S.C. § 111(a) and (b) | 63 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 63 months'...<br>36 months'...<br>$2000 resti... |
| Thompson, Devlyn | 1:21-CR-00461-RCL | 18 U.S.C. § 111(a) and (b) | 48 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 46 months'...<br>36 months'...<br>$2000 resti... |
| Edwards, Gary | 1:21-CR-00366-JEB | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>24 months' probation<br>$500 restitution | 12 months'...<br>$2500 fine...<br>200 hours c...<br>$500 restitu... |
| Tutrow, Israel | 1:21-CR-00310-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 2 months' i...<br>36 months'...<br>$500 restitu... |
| Ridge IV, Leonard | 1:21-CR-00406-JEB | 18 U.S.C. § 1752(a)(1) | 45 days' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 14 days' co...<br>12 months'...<br>$1000 fine...<br>100 hours c...<br>$500 restitu... |
| Perretta, Nicholas | 1:21-CR-00539-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' in...<br>$500 restitu... |
| Vukich, Mitchell | 1:21-CR-00539-TSC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' in...<br>$500 restitu... |
| Spencer, Virginia | 1:21-CR-00147-CKK | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>$500 restitution | 3 months' i...<br>$500 restitu... |
| Kostolsky, Jackson | 1:21-CR-00197-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>$500 restitution | 30 days' ho...<br>36 months'...<br>$500 restitu... |

| Rusyn, Michael | 1:21-CR-00303-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>$500 restitution | 2 months' l<br>24 months'<br>$2000 fine<br>$500 restit |
| --- | --- | --- | --- | --- |
| Tryon, William | 1:21-CR-00420-RBW | 18 U.S.C. § 1752(a)(1) | 30 days' incarceration<br>12 months' supervised release<br>$500 restitution | 50 days' in<br>12 months'<br>$1000 fine<br>$500 restit |
| Sells, Tanner | 1:21-CR-00549-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' l<br>24 months'<br>$1500 fine<br>50 hours c<br>$500 restit |
| Walden, Jon | 1:21-CR-00548-DLF | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>60 hours community service<br>$500 restitution | 30 days' ho<br>36 months'<br>60 hours c<br>$500 restit |
| Prado, Nicole | 1:21-CR-00403-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months'<br>12 months'<br>$742 fine<br>60 hours c<br>$500 restit |
| Williams, Vic | 1:21-CR-00388-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' l<br>12 months'<br>$1500 fine<br>60 hours c<br>$500 restit |
| Wiedrich, Jacob | 1:21-CR-00581-TFH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>$500 restitution | 3 months' l<br>36 months'<br>100 hours<br>$500 restit |
| Stepakoff, Michael | 1:21-CR-00096-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$742 fine<br>$500 restitution | 2 months'<br>12 months'<br>$742 fine<br>60 hours c<br>$500 restit |
| Scirica, Anthony | 1:21-CR-00457-CRC | 40 U.S.C. § 5104(e)(2)(G) | 15 days' incarceration<br>$500 restitution | 15 days' in<br>$500 fine<br>$500 restit |
| Crase, Dalton | 1:21-CR-00082-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 15 days' in<br>(condition<br>36 months'<br>60 hours c<br>$500 restit |
| Williams, Troy | 1:21-CR-00082-CJN | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 15 days' in<br>(condition<br>36 months'<br>60 hours c<br>$500 restit |

| | | | | |
|---|---|---|---|---|
| Languerand, Nicholas | 1:21-CR-00353-JDB | 18 U.S.C. § 111 (a) and (b) | 51 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 44 months'<br>24 months'<br>60 hours co<br>$2000 resti |
| Wilson, Zachary | 1:21-CR-00578-APM | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 45 days' ho<br>24 months'<br>60 hours co<br>$500 restit |
| Wilson, Kelsey | 1:21-CR-00578-APM | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' ho<br>24 months'<br>60 hours co<br>$500 restit |
| McAuliffe, Justin | 1:21-CR-00608-RCL | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 2 months' l<br>36 months'<br>$500 restit |
| Williams, Andrew | 1:21-CR-00045-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>24 months' probation<br>60 hours community service<br>$500 restitution | 24 months'<br>60 hours co<br>$500 resti |
| Leffingwell, Mark | 1:21-CR-00005-ABJ | 18 U.S.C. § 111(a)(1) | 27 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 6 months' l<br>24 months'<br>200 hours c<br>$2,000 rest |
| Wagner, Joshua | 1:21-CR-00310-ABJ | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' in<br>$500 restit |
| Stenz, Brian | 1:21-CR-00456-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 14 days' in<br>of probatio<br>2 months' l<br>36 months'<br>$2500 fine<br>$500 restit |
| Schornak, Robert | 1:21-CR-00278-BAH | 18 U.S.C. § 1752(a)(1) | 4-6 months' incarceration<br>12 months supervised release<br>60 hours community service<br>$500 restitution | 28 days' in<br>14-day inte<br>2 months' l<br>36 months'<br>$500 restit |
| Castro, Mariposa | 1:21-CR-00299-RBW | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>$500 restitution | 45 days' in<br>$5000 fine |
| Sunstrum, Traci | 1:21-CR-00652-CRC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' ho<br>36 months'<br>$500 restit |
| Register, Jeffrey | 1:21-CR-00349-TJK | 40 U.S.C. § 5104(e)(2)(G) | 5 months' incarceration<br>$500 restitution | 75 days' in<br>$500 restit |
| Johnson, Adam | 1:21-CR-00648-RBW | 18 U.S.C. § 1752(a)(1) | 90 days' incarceration<br>12 month's supervised release<br>$5000 fine | 75 days' in<br>12 months'<br>$5000 fine<br>200 hours c<br>$500 restit |

49

| Howell, Annie | 1:21-CR-00217-TFH | 18 U.S.C. § 1752(a)(1) | 60 days' incarceration<br>12 month's supervised release<br>$500 restitution | 60 days' in<br>to be serve<br>as a conditi<br>36 months'<br>60 hours co<br>$500 restitu |
|---|---|---|---|---|
| Gonzalez, Eduardo | 1:21-CR-00115-CRC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 24 months'<br>$1000 fine<br>$500 restitu |
| Wilson, Duke | 1:21-CR-00345-RCL | 18 U.S.C. 1512(c)(2)<br>18 U.S.C. § 111(a)(1) | 46 months' incarceration<br>$2000 + TBD restitution for injured officer | 51 months'<br>36 months'<br>TBD restitu |
| Strong, Kevin | 1:21-CR-00114-TJK | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days' ho<br>24 months'<br>60 hours co<br>$500 restitu |
| Bonet, James | 1:21-CR-00121-EGS | 18 U.S.C. § 1752(a)(1) | 45 days' incarceration<br>12 months' probation<br>$500 restitution | 3 months' i<br>12 months'<br>200 hours o<br>$500 restitu |
| Nalley, Verden | 1:21-CR-00016-DLF | 18 U.S.C. § 1752(a)(1) | 14 days' incarceration<br>12 months' probation<br>60 hours community service<br>$500 restitution | 24 months'<br>60 hours co<br>$500 restitu |
| Carico, Michael | 1:21-CR-00696-TJK | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 2 months' i<br>24 months'<br>$500 fine<br>60 hours co<br>$500 restitu |
| Little, James | 1:21-CR-00315-RCL | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 60 days' in<br>36 months'<br>$500 restitu |
| Loftus, Kevin | 1:21-CR-00081-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation | 36 months'<br>60 hours co<br>$500 restitu |
| Smith, Jeffrey | 1:21-CR-00290-RBW | 40 U.S.C. § 5104(e)(2)(G) | 5 months' incarceration<br>$500 restitution | 90 days' in<br>24 months'<br>200 hours o<br>$500 restitu |
| Kelley, Kari | 1:21-CR-00201-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 36 months'<br>$500 restitu |
| Martin, Zachary | 1:21-CR-00201-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 36 months'<br>$1000 fine<br>60 hours co<br>$500 restitu |
| Cudd, Jenny | 1:21-CR-00068-TNM | 18 U.S.C. § 1752(a)(1) | 75 days' incarceration<br>12 months' supervised release<br>$500 restitution | 2 months' p<br>$5000 fine<br>$500 restitu |

| | | | | |
|---|---|---|---|---|
| Jackson, Micajah | 1:21-CR-00484-RDM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>36 months supervised release<br>$500 restitution | 36 months'<br>in residenti<br>$1,000 fine<br>$500 restit |
| Petrosh, Robert | 1:21-CR-00347-TNM | 18 U.S.C. § 641 | 4 months' incarceration<br>12 months supervised release<br>60 hours community service<br>$938 restitution | 10 days' in<br>12 months<br>$1,000 fine<br>$938 restit |
| Ivey, Bryan | 1:21-CR-00267-CRC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 60 days' ho<br>36 months'<br>$500 restit<br>60 hours co |
| Burress, Gabriel | 1:21-CR-00744-TJK | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 45 days' ho<br>18 months'<br>$500 restit<br>60 hours co |
| Pettit, Madison | 1:21-CR-00744-TJK | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 45 days' ho<br>18 months'<br>$500 restit<br>60 hours co |
| Coffman, Lonnie | 1:21-CR-00004-CKK | 26 U.S.C. § 5861(d)<br>22 D.C. Code § 4504(a) | Middle of SGR<br>36 months' probation | 46 months'<br>36 months |
| Fee, Thomas | 1:21-CR-00133-JDB | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 24 months'<br>$500 fine<br>$500 restit<br>50 hours co |
| Herendeen, Daniel | 1:21-CR-00278-BAH | 18 U.S.C. § 1752(a)(1) | 28 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 14 days' in<br>2 months' l<br>36 months'<br>$500 restit |
| Zlab, Joseph | 1:21-CR-00389-RBW | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 36 months'<br>$500 fine<br>$500 restit<br>200 hours c |
| Riddle, Jason | 1:21-CR-00304-DLF | 18 U.S.C. § 641<br>40 U.S.C. § 5104(e)(2)(G) | 90 days' incarceration<br>12 months' supervised release<br>$754 restitution | 90 days inc<br>offense<br>36 months'<br>§ 5104(e)(2<br>$754 restit<br>60 days co |
| Fox, Samuel | 1:21-CR-00435-BAH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 2 months' l<br>36 months'<br>$2,500 fine<br>$500 restit |
| O'Brien, Kelly | 1:21-CR-00633-RCL | 18 U.S.C. § 1752(a)(1) | 5 months' incarceration<br>12 months' supervised release<br>$500 restitution | 90 days' in<br>12 months'<br>$1,000 fine |

| | | | | |
|---|---|---|---|---|
| | | | | $500 restit… |
| Hardin, Michael | 1:21-CR-00280-TJK | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>$500 restitution<br>60 hours community service | 30 day's ho…<br>18 months'…<br>$500 restit…<br>60 hours co… |
| Hernandez, Emily | 1:21-CR-00747-JEB | 18 U.S.C. § 1752(a)(1) | 45 days' incarceration<br>12 months' supervised release<br>$500 restitution<br>60 hours community service | 30 days' in…<br>12 months'…<br>$500 restit…<br>80 hours co… |
| Merry, William | 1:21-CR-00748-JEB | 18 U.S.C. § 641 | 4 months' incarceration<br>12 months' supervised release<br>$500 restitution<br>60 hours community service | 45 days' in…<br>9 months' s…<br>80 hours co… |
| Westover, Paul | 1:21-CR-00697-JEB | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 45 days' in…<br>$500 restit… |
| O'Malley, Timothy | 1:21-CR-00704-CRC | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 24 months'…<br>20 hours co…<br>$500 restit… |
| Reed, Blake | 1:21-CR-00204-BAH | 18 U.S.C. § 1752(a)(1) | 3 months' incarceration<br>12 months' supervised release<br>$500 restitution | 42 days' in…<br>3 months' l…<br>36 months'…<br>$2500 fine…<br>$500 restit… |
| Rebegila, Mark | 1:21-CR-00283-APM | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>36 months' probation<br>$500 restitution | 30 days' ho…<br>24 months'…<br>$2000 fine…<br>60 hours co…<br>$500 restit… |
| Watrous, Richard | 1:21-CR-00627-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 14 days' in…<br>2 months' l…<br>36 months'…<br>$2500 fine…<br>$500 restit… |
| Meteer, Clifford | 1:21-CR-00630-CJN | 40 U.S.C. § 5104(e)(2)(G) | 75 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 60 days' in…<br>36 months'…<br>60 hours co…<br>$500 restit… |
| Conover, Thomas | 1:21-CR-00743-FYP | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' re…<br>36 months'…<br>$2500 fine…<br>60 hours co…<br>$500 restit… |
| Lavin, Jean | 1:21-CR-00596-BAH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 10 days' in…<br>weekends)<br>2 months' l…<br>36 months'…<br>$2500 fine…<br>$500 restit… |

| Krzywicki, Carla | 1:21-CR-00596-BAH | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 36 months'<br>3 months' ⌐<br>$500 restit⌐ |
|---|---|---|---|---|
| Kulas, Christian | 1:21-CR-00397-TFH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 6 months' ⌐<br>2 months' ⌐<br>$500 restit⌐ |
| Kulas, Mark | 1:21-CR-00693-TFH | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 6 months' ⌐<br>2 months' ⌐<br>$500 restit⌐ |
| Von Bernewitz, Eric | 1:21-CR-00307-CRC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 60 days ho⌐<br>24 months'⌐<br>$1000 fine⌐<br>$500 restit⌐ |
| Von Bernewitz, Paul | 1:21-CR-00307-CRC | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' in⌐<br>$500 restit⌐ |
| Ballesteros, Robert | 1:21-CR-00580-DLF | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>24 months' probation<br>60 hours community service<br>$500 restitution | 36 months'<br>40 hours co⌐<br>$500 restit⌐ |
| Sarko, Oliver | 1:21-CR-00591-CKK | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' in⌐<br>36 months'⌐<br>$500 restit⌐ |
| Vuksanaj, Anthony | 1:21-CR-00620-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 42 days' in⌐<br>14-day per⌐<br>3 months' ⌐<br>36 months'⌐<br>$2000 fine⌐<br>$500 restit⌐ |
| Creek, Kevin | 1:21-CR-00645-DLF | 18 U.S.C. § 111(a)(1) | 27 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 27 months'<br>12 months'⌐<br>$2000 resti⌐ |
| Peart, Willard | 1:21-CR-00662-PLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' ⌐<br>36 months'⌐<br>240 hours ⌐<br>$500 fine<br>$500 restit⌐ |
| Webler, Matthew | 1:21-CR-00741-DLF | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>$500 restitution | 45 days' in⌐<br>$500 restit⌐ |
| Mostofsky, Aaron | 1:21-CR-00138-JEB | 18 U.S.C. § 641<br>18 U.S.C. § 231 (a)(3)<br>18 U.S.C. § 1752(a)(1) | 15 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 8 months' ⌐<br>12 months ⌐<br>each count⌐<br>200 hours ⌐<br>$2000 resti⌐ |
| Entrekin, Nathan | 1:21-CR-00686-FYP | 40 U.S.C. § 5104(e)(2)(G) | 105 days incarceration<br>36 months' probation | 45 days' in⌐<br>36 months'⌐ |

| | | | | |
|---|---|---|---|---|
| | | | 60 hours community service<br>$500 restitution | 60 hours co<br>$500 restitu |
| Kidd, Nolan | 1:21-CR-00429-CRC | 40 U.S.C. § 5104(e)(2)(G) | 90 days incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 45 days' in<br>$500 restitu |
| Baker, Stephen | 1:21-CR-00273-TFH | 40 U.S.C. § 5104(e)(2)(G) | 30 days incarceration<br>$500 restitution | 9 days' inte<br>24 months'<br>$500 restitu |
| McDonald, Savannah | 1:21-CR-00429-CRC | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 21 days' in<br>$500 restitu |
| Honeycutt, Adam | 1:22-CR-00050-CJN | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 3 months' i<br>$500 restitu |
| Spain, Jr., Edward | 1:21-CR-00651-DLF | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 36 months'<br>60 hours co<br>$500 restitu |
| Kramer, Philip | 1:21-CR-00413-EGS | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 30 days' in<br>$2500 fine<br>100 hours c<br>$500 restitu |
| Ehmke, Hunter | 1:21-CR-00029-TSC | 18 U.S.C. § 1361 | 4 months' incarceration<br>36 months' supervised release<br>$2,181 restitution | 4 months' i<br>36 months'<br>$2,181 rest |
| Chapman, Robert | 1:21-CR-00676-RC | 40 U.S.C. § 5104(e)(2)(G) | 45 days incarceration<br>36 months | 3 month's l<br>18 month's<br>$742 fine<br>60 hours co<br>$500 restitu |
| Timbrook, Michael | 1:21-CR-00361-TNM | 40 U.S.C. § 5104(e)(2)(G) | 90 days incarceration<br>36 months' probation | 14 days' in<br>be served c<br>weekends,<br>12 months'<br>$500 restitu |
| Miller, Matthew | 1:21-CR-00075-RDM | 18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 111(a)(1) | 51 months' incarceration<br>36 month's supervised release | 33 months'<br>24 months'<br>$2000 resti<br>100 hours c |
| Hemphill, Pamela | 1:21-CR-00555-RCL | 40 U.S.C. § 5104(e)(2)(G) | 2 months' incarceration<br>36 month's probation | 2 months' i<br>36 month's<br>$500 restitu |
| Rubenacker, Greg | 1:21-CR-00193-BAH | 18 U.S.C. § 231(a)(3)<br>18 U.S.C. § 1512(c)(2)<br>18 U.S.C. § 111(a)<br>18 U.S.C. § 1752(a)(1)<br>18 U.S.C. § 1752(a)(2) | 46 months' incarceration<br>36 months' supervised release | 41 months'<br>36 months'<br>$2000 resti |

54

| | | | | |
|---|---|---|---|---|
| | | 18 U.S.C. § 1752(a)(4)<br>40 U.S.C. § 5104(e)(2)(D)<br>40 U.S.C. § 5104(e)(2)(E)<br>40 U.S.C. § 5104(e)(2)(F)<br>40 U.S.C. § 5104(e)(2)(G) | | |
| Johnson, Daniel | 1:21-CR-00407-DLF | 18 U.S.C. § 231(a)(3) | 6 months' incarceration<br>12 months' supervised release | 4 months' i<br>12 months<br>$2000 resti |
| Johnson, Daryl | 1:21-CR-00407-DLF | 18 U.S.C. § 231(a)(3) | 90 days' incarceration<br>12 months' supervised release | 30 days' in<br>12 months'<br>$2000 fine<br>$2000 resti |
| Buhler, Janet | 1:21-CR-00510-CKK | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' supervised release | 30 days' in<br>36 months'<br>$500 restit |
| Tagaris, Jody | 1:21-CR-00368-JDB | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 24 months'<br>$2000 fine<br>$500 restit<br>60 hours co |
| Heinl, Jennifer | 1:21-CR-00370-EGS | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 14 days' in<br>24 months'<br>$500 restit |
| Sywak, William Jason | 1:21-CR-00494-RC | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 2 months' l<br>12 months'<br>60 hours co<br>$500 restit |
| Sywak, William Michael | 1:21-CR-00494-RC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>60 hours community service<br>$500 restitution | 4 month's l<br>24 months'<br>60 hours co<br>$500 restit |
| Laurens, Jonathan | 1:21-CR-00450-RC | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 60 days' ho<br>12 months'<br>$742 fine<br>$500 restit<br>60 hours co |
| Cooke, Nolan | 1:22-CR-00052-RCL | 18 U.S.C. § 231(a)(3) | 11 months' incarceration<br>36 months supervised release<br>$2000 restitution | 366 days' i<br>36 months<br>$2000 resti |
| Barber, Eric | 1:21-cr-00228-CRC | 40 U.S.C. § 5104(e)(2)(G)<br>22 D.C. Code 3212 | 4 months' incarceration<br>36 months' probation<br>$552.95 restitution | 45 days inc<br>24 months'<br>$552.95 res |
| Gold, Simone | 1:21-CR-00085-CRC | 18 U.S.C. § 1752(a)(1) | 3 months' incarceration<br>12 month's supervised release<br>$500 restitution<br>60 hours community service | 60 days' in<br>12 months'<br>$9,500 fine<br>$500 restit |
| Griffin, Cuoy | 1:21-CR-00092-TNM | 18 U.S.C. § 1752(a)(1) | 60 days' incarceration<br>12 months' supervised release | 14 days' in<br>12 months' |
| Stackhouse, Lawrence | 1:21-CR-00240-BAH | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>$500 restitution | 14 days int<br>a condition<br>$500 restit |

| Baranyi, Lawrence | 1:21-CR-00062-JEB | 18 U.S.C. § 1752 (a)(1) | 4 months' incarceration<br>12 months' supervised release<br>$500 restitution | 90 days' in<br>12 months'<br>$500 restit |
|---|---|---|---|---|
| Evans, Derrick | 1:21-CR-00337-RCL | 18 U.S.C. § 231(a)(3) | 3 months' incarceration<br>36 months' supervised release<br>$2000 restitution | 3 months' i<br>36 months'<br>$2000 resti<br>$2000 fine |
| Lucard, Carson | 1:22-CR-00087-BAH | 40 U.S.C. § 5104(e)(2)(G) | 3 months' incarceration<br>36 months' probation<br>$500 restitution | 21 days' in<br>a condition<br>60 days ho<br>$500 restit |
| Cunningham, Christopher | 1:21-CR-00603-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 3 months' i<br>12 months'<br>$1,113 fine<br>$500 restit |
| Prezlin, Brandon | 1:21-CR-00694-TNM | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 10 months'<br>$2,500 fine<br>120 hours c<br>$500 restit |
| Weisbecker, Philip | 1:21-CR-00682-TFH | 40 U.S.C. § 5104(e)(2)(G) | 60 days' incarceration<br>36 months' probation<br>$500 restitution | 30 days int<br>a condition<br>$2,000 fine<br>$500 restit |
| Sidorski, Dennis | 1:21-CR-00048-ABJ | 18 U.S.C. § 1752 (a)(1) | 12 months' incarceration<br>12 months' supervised release<br>$500 restitution | 100 days' i<br>12 months'<br>50 hours co<br>$500 restit |
| Bromley, Phillip | 1:21-CR-00250-PLF | 18 U.S.C. 1752(a)(2) | 12 months' incarceration<br>12 months' supervised release<br>$500 restitution | 90 days' in<br>12 months'<br>$4,000 fine<br>$2,000 rest |
| Revlett, Jordan | 1:21-CR-00281-JEB | 40 U.S.C. § 5104(e)(2)(G) | 30 days' incarceration<br>36 months' probation<br>$500 restitution | 14 days' in<br>12 months'<br>80 hours co<br>$500 restit |
| Snow, Robert | 1:22-CR-00030-TJK | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 12 months'<br>60 hours co<br>$500 restit |
| Torre, Benjamin | 1:21-CR-00143-RC | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration<br>36 months' probation<br>$500 restitution | 12 months'<br>$1,113 fine<br>60 hours co<br>$500 restit |
| Grace, Jeremey | 1:21-CR-00492-JDM | 18 U.S.C. 1752 (a)(1) | 60 days' incarceration<br>12 months' supervised release<br>60 hours community service<br>$500 restitution | 21 days' in<br>12 months'<br>60 hours co<br>$500 restit |
| Getsinger, John | 1:21-CR-00607-EGS | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration<br>36 months' probation<br>$500 restitution | 60 days' in<br>36 months'<br>100 hours c<br>$500 restit |

| Getsinger, Stacie | 1:21-CR-00607-EGS | 40 U.S.C. § 5104(e)(2)(G) | 45 days' incarceration 36 months' probation $500 restitution | 60 days' in 36 months' 100 hours $500 restit |
|---|---|---|---|---|
| Suarez, Marissa | 1:21-CR-00205-DLF | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration 36 months' probation $500 restitution | 36 months' 60 hours co $2000 fine $500 restit |
| Todisco, Patricia | 1:21-CR-00205-DLF | 40 U.S.C. § 5104(e)(2)(G) | 14 days' incarceration 36 months' probation $500 restitution | 36 months' 60 hours co $2000 fine $500 restit |
| Blair, David | 1:21-CR-00186-CRC | 18 U.S.C. § 231(a)(3) | 8 months' incarceration 36 months' supervised release $2000 restitution | 5 months' i 18 months' $2,000 rest |
| Griswold, Andrew | 1:21-CR-00459-CRC | 18 U.S.C. § 231(a)(3) | 5 months' incarceration 36 months' supervised release $2,000 restitution | 75 days' in 24 months' $2,000 rest |